Dkaee, Cli. J.,
delivered the opinion of the court:
Tbis suit is brought under the Captured or abandoned property act, to recover the proceeds of five bales of cotton, captured by the military forces of the United States at Savannah, Georgia, in December, 1864.
The case turns on the question of the claimant’s ownership of the cotton.
The facts are as follows: The claimant was a resident of En-field, Connecticut, where he followed the business of a distiller. In the fall of 18G0 he consigned to his son, Edmund J. Gowdy, at Savannah, a quantity of gin, one hundred and twenty-five or one hundred and fifty casks, which his son received there the last of December, 1SG0, or the fore part of January, 1861, to be sold on account of claimant. The first lot of gin received by him was sold on its arrival, and $1,200 or $1,300 of the proceeds were remitted to the claimant, .in March, 1861. The remainder of the gin was sold by the son at Savannah, in the fall of 1861, and with the proceeds of the gin he bought cotton, which he afterward sold, and with the proceeds thereof bought the five bales of cotton, for the proceeds of which this suit is brought. These bales were purchased in October and November, 1863, and were stored in the store of Hill Gowdy, uncle of E. J. Gowdy, with whom the latter acted as clerk, and where they remained until their capture by the military forces of the United States.
From the beginning to the end of the war, E. J. Gowdy had no communication with his father, the claimant, though he wrote in that time to his mother. He had no instructions from the claimant to invest the proceeds of the gin in cotton, or other commodity, and never made known to any one that it was purchased by him with the claimant’s money, or on account of the-claimant; but “ about the time” of the purchase of three of the bales, he said to the person from whom he purchased them “ that he was indebted to his father for gin, which he had been selling on commission for his father, and that he purchased this cotton to reimburse the claimant after the war.”
After the capture of Savannah, E. J. Gowdy reported the cotton to the military authorities as his own, after having marked it “Ned Gowdy.” Not until after the capture of that city had he put any mark whatever upon it.
*331 E. J. G-owdy volunteered in tlie rebel service, and served as a soldier sixty days in tlie Savannah volunteer guards ; and he was afterward conscripted, and, being unfit for field duty, was assigned to the quartermaster department, in which he served sixteen months, until the closing of the war.
Upon .these facts the claimant cannot recover. The case is clearly within the rule laid down by this court in the case of JBernheimer Brothers, in the following terms:
u Where the debtor, at the time of the capture, has reported the captured property as his own 5 where he has previously treated it as such, and the ownership of the northern creditor has rested exclusively within the debtor’s breast, so that his calling it. another’s might be a mere after-thought to defeat the lawful effects of the capture, there we have uniformly held the debtor to be the owner, and the pretended transfer in fraud of the act.”
This rule completely covers this case, and forbids a judgment in favor of the claimant, and his petition therefore is dismissed.